# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Michelle M. Hendricks,
    Plaintiff

    vs            Case No. 1:03-cv-572-TSH
              (Hogan, M. J.)

Office of the Clermont County
Sheriff, et. al.,
    Defendants

## ORDER

  Plaintiff initiated this action after Clermont County Sheriff Albert J. Rodenberg terminated her employment as a corrections officer at the Clermont County Jail. She filed a complaint on August 14, 2003, asserting claims of sex discrimination, sexual harassment, and retaliation for opposing sexual harassment in violation of Ohio and federal law. She also asserted a claim, pursuant to 42 U.S.C. § 1983, alleging that Defendants terminated her employment in retaliation for her exercise of constitutional rights. Finally, she asserted a claim for malicious prosecution and defamation in violation of the United States Constitution and a claim of defamation under Ohio common law. (Doc. 1). Defendants filed an answer thereto on September 8, 2003. (Doc. 4).

  On April 29, 2005, approximately a year and a half after the case was originally filed, Defendants moved for summary judgment with respect to all of Plaintiff's claims. (Doc. 13). On June 30, 2005, the District Court issued an extensive 39-page order, granting in part and denying in part Defendants' motion. (Doc. 32). Subsequently, the parties consented to the entry of final judgment by the undersigned United States Magistrate Judge. (Doc. 35). Following the parties' consent to this Court, the Court conducted a scheduling conference to set a trial date, and informal telephonic conference to discuss the trial schedule, and a final pretrial conference for which the parties submitted a Joint Final Pretrial Statement. (Docs. 36, 41, 66, 67).

In addition, the Court reviewed the parties' trial memoranda, and ruled on no less than five motions in limine regarding evidentiary issues. (See Docs. 42, 43, 46, 50, 52, 54, 57).

This Court presided over the trial on this matter commencing December 16, 2005. Trial lasted six days. (Docs. 60, 62, 63, 64, 65, 69). At trial, Defendants moved for Judgement as a Matter of Law as to all Plaintiff's claims pursuant to Fed. R. Civ. P. 50, both at the close of Plaintiff's case-in-chief, and again at the conclusion of the evidence. The Court denied defendants' motions, (Doc. 74), and the case was subsequently submitted to the jury on December 23, 2005, following a charge conference and the Court's jury charge to which none of the parties objected. (Docs. 69, 73).

The jury returned a verdict in favor of plaintiff on three of her claims. (Doc. 70). According to the jury's responses to the Special Interrogatories, the jury found defendant Clermont County Sheriff's Office liable for retaliatory discharge and awarded plaintiff a total of $225,000.00 in compensatory and punitive damages. The jury found defendant Willis liable for retaliatory harassment and awarded $25,000.00 in punitive damages, but no actual damages. Finally, the jury found defendant Willis liable on plaintiff's claim for retaliation for the exercise of constitutional rights and awarded $25,000.00 in compensatory and punitive damages. (See Doc. 73, Jury Instructions and Special Interrogatories). On January 5, 2006, following a telephonic conference with the parties, the Court issued an order granting judgment as a matter of law in favor of Defendant Willis as to the punitive damage award against him on Plaintiff's retaliatory harassment claim. (Doc. 76). Final judgment was then entered in this case on January 6, 2006, consistent with the Court's January 5, 2006 Order and the balance of the jury's verdict as indicated on the Special Interrogatories. (Docs. 70, 77).

This matter is now before the Court on Defendants' motion to dismiss, and motion for judgment as a matter of law, or in the alternative to alter or amend the judgment (Doc. 79), Plaintiff's memorandum in opposition (Doc. 89), and Defendants' reply. (Doc. 90). Also pending before the Court and related to the present motions are Plaintiff's conditional motion to alter or amend the judgment (Doc. 84), Defendants' memorandum in opposition (Doc. 85), and Plaintiff's reply. (Doc. 91).

Defendants move the Court to dismiss the claims and vacate the jury award

against Defendant the Clermont County Sheriff's Office pursuant to Fed. R. Civ. P. 12(h)(3) on the grounds that the Sheriff's Office is not sui juris. Defendants argue that because the Sheriff's Office is not sui juris, the Court lacks jurisdiction over it and any judgment against the Sheriff's Office is null and void. Defendants also move the Court for judgment as a matter of law with respect to the claims asserted against Defendant Willis, or in the alternative, for an order altering or amending the judgment against Willis on the grounds that the evidence is insufficient to support a judgment against him with respect to Plaintiff's claim of retaliation for the exercise of her constitutional rights.

In response to Defendants' Rule 12 motion, Plaintiff argues that Defendant the Clermont County Sheriff's Office cannot obtain judgment as a matter of law on the basis of lack of capacity or jurisdictional grounds because Defendants did not raise either of these issues in their pre-judgment Rule 50 motions. Plaintiff further contends that Defendants cannot assert the sui juris argument at this stage of the litigation because they failed to raise the affirmative defense of lack of capacity as required by Fed. R. Civ. P. 9(a). Plaintiff argues that Defendants' alternative motion to alter or amend judgment should be denied because it fails to comport with the requirements of Fed. R. Civ. P. 59(e), as amendment of the judgment would create a manifest injustice rather than prevent one as is intended by the Rule. Lastly, Plaintiff argues that if the Court deems it appropriate to grant Defendant the Clermont County Sheriff's Office's motion to dismiss, the Court should grant Plaintiff's conditional motion to alter or amend the judgment or in the alternative to amend the complaint to name the proper party defendant.

As for Defendants' motions for judgment as a matter of law, or in the alternative to alter or amend the judgment against Defendant Willis, Plaintiff contends that there is no basis to grant judgment as a matter of law or to alter or amend the judgment because the evidence clearly supports the jury's verdict on this issue.

In reply, Defendants argue that dismissal of the claims against the Clermont County Sheriff's Office cannot be avoided based on a failure to raise a Rule 9 capacity argument because the Clermont County Sheriff's Office was never a party to the litigation. Defendants contend that while the Sheriff's Office might have been named on the face of Plaintiff's complaint, the complaint itself fails to allege any facts that implicate the Sheriff's Office. Defendants contend that because the Sheriff's Office is not a party, Rule 9 does not apply. According to Defendants, dismissal under Fed. R. Civ. P. 12(b)(6) is warranted because an action cannot be maintained against a

3

defendant where the complaint fails to allege any act or conduct by that defendant. Moreover, Defendants argue that the jury considered claims against the Sheriff, who had the authority to hire and fire Deputies at the jail, including Plaintiff, therefore, a verdict has already been rendered against the proper party defendant.

Defendants couch their argument in favor of dismissal of the Sheriff's Office in terms of subject matter jurisdiction under Fed. R. Civ. P. 12(h)(3). However, the Court finds that the issue of Defendant Sheriff's Office capacity to be sued is properly governed by Fed. R. Civ. P. 17(b) and 9(a). The thrust of Defendants' argument is that the Sheriff's Office is not sui juris and therefore lacks the capacity to be sued. Whether or not an entity such as the Clermont County Sheriff's Office has the capacity to be sued is governed by the law of the state in which the district court is held, in this instance, Ohio law. The Court agrees with Defendants, that under Ohio law, the Clermont County Sheriff's Office is not sui juris. *McGuire v. Ameritech Services, Inc.*, 253 F. Supp.2d 988, 1015 (S.D. Ohio 2003)(Rice, J.). However, lack of capacity to be sued is an affirmative defense which must be raised in accordance with Fed. R. Civ. P. 9(a). *Carney v. Cleveland Heights-Univ. Heights City Sch. Dist.*, 758 N.E.2d 234, 241 n.7 (Ohio Ct. App. 2001); *Fields v. Dailey*, 587 N.E.2d 400, 408 (Ohio Ct. App. 1990). Defendants bear the burden of demonstrating a lack of capacity by "specific negative averments." Fed. R. Civ. P. 9(a); *Daniels v. Retired Senior Volunteer Program*, 2006 WL 783438, * 3 (S.D. Ohio March 27, 2006)(Smith, J.); *Srock v. United States*, 2006 WL 2460769, at *2-3 (E.D. Mich. Aug. 23, 1006). Failure to raise lack of capacity in an appropriate pleading or amendment or by timely motion constitutes a waiver of the defense. *Srock*, 2006 WL 2460769 at *3-4; *Fields*, 587 N.E.2d at 408. *See also English v. Dyke*, 23 F.3d 1086, 1090 & n. 1 (6th Cir. 1994). Moreover, capacity is not strictly a jurisdictional question. *Srock*, 2006 WL 2460769 at *4 (citing *Brown v. Keller*, 274 F.2d 779, 780 (6th Cir. 1990).

As noted above, despite the myriad opportunities to raise the capacity issue with the undersigned, including upon motions for judgment as a matter of law made at trial, Defendants failed to seek dismissal on these grounds until after the jury rendered a verdict against the Sheriff's Office. Had the Defendants timely raised the issue of Defendant Sheriff's Office capacity to be sued, the Court could have considered a motion to amend the complaint and or the answer to resolve the issue prior to the entry of final judgment. *See Stone v. Holzberger*, 807 F. Supp. 1325, 1333-34 (S.D. Ohio 1992)(Spiegel, Sr. J.); *Carney*, 758 N.E.2d at 242. The Court concludes that Defendants have waived the affirmative defense of lack of capacity by failing to

timely assert the defense.[1]  Consequently, Defendants' motion to dismiss will be denied.  To hold otherwise would be manifestly unjust.

As for the Defendants' argument that the Defendant Clermont County Sheriff's Office was not a party to the action because there were no specific averments concerning the Sheriff's Office set forth in the complaint, the Court finds this argument to be wholly without merit.  The factual allegations set forth plainly assert that all the defendants engaged in the alleged wrongful conduct.  The Defendant Sheriff's Office is clearly named in the complaint and as the District Court's summary judgment order makes clear, the Sheriff's Office was alleged to have violated plaintiff's rights under both Title VII and the Ohio anti-discrimination statute.

Defendants also argue that the Court should grant judgment as a matter of law pursuant to Fed. R. Civ. P. 50(b)(1)(C), or in the alternative alter or amend the judgment against Defendant Willis on Plaintiff's § 1983 constitutional rights retaliation claim.  The Defendants twice moved for judgment as a matter of law with respect to this claim against Defendant Willis at trial.  The Court denied the motions for the reasons set forth on the record and in the Court's Order, which the Court incorporates herein by reference. (See Doc. 74).  The reasoning which this Court set forth for denying the original motions is equally applicable to Defendants' renewed motion:

> Plaintiff claims Chief Willis recommended disciplinary action against her, in part, because she exercised her right to remain silent when Lt. Evans attempted to interrogate her as a criminal suspect on October 17, 2002.  Plaintiff claims that this constitutes unlawful retaliation for the violation of her Fifth Amendment rights, made actionable pursuant to 42 U.S.C. § 1983.  In order to prevail on her claim, Plaintiff must prove by

---

[1] It bears noting that during the course of trial, albeit off the record, the Court had numerous conversations counsel for the parties, including Defendants' counsel, during which it was understood that the real party in interest with respect to the claims against the Sheriff's Office was the Board of Commissioners.  Counsel never indicated to the Court that the named Defendant lacked capacity to be sued.  Moreover, as counsel for the Defendant Sheriff's Office is also counsel for the Board of Commissioners, there is no question that the Board lacked actual notice of the case or that they would have been prejudiced had the capacity issue been raised such that the complaint or answer could have been amended.  *Stone*, 807 F. Supp. at 1333; *Carney*, 758 N.E.2d at 242.

5

> a preponderance of the evidence that: (1) she engaged in activities protected by the Constitution; 2) Chief Willis took an adverse action that would deter a person of ordinary firmness from continuing to engage in that conduct; and 3) that this adverse action was taken at least in part because of the exercise of the protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999); *Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977); *Van Huss v. Shoffner*, 81 Fed.Appx. 17, 19-20 (6th Cir. 2003); *Priddy v. Smith*, No. 96-6160, 1997 WL 809954, *3 (6th Cir. Dec. 19, 1997); *Smith v. Campbell*, 250 F.3d 1032, 1038 (6th Cir.2001); *Shehee v. Luttrell*, 199 F.3d 295, 301 (6th Cir.1999).
>
> It is undisputed that Plaintiff's refusal to answer questions put to her by Lt. Evans on October 17, 2002 was constitutionally protected activity. The evidence presented questions of fact as to whether Chief Willis's recommendation that Plaintiff receive discipline, including dismissal, was an adverse action sufficient to chill a person from exercising their constitutional right not to answer questions in a criminal investigation without an attorney present, and whether such action was motivated, at least in part, Plaintiff's exercise of her protected rights. Certainly the temporal proximity of the questioning by Lt. Evans on October 17, 2002, and the revised disciplinary notice raises factual questions which only the jury can resolve. Thus the motion was denied.

(Doc. 74, p.5).

Defendants also move the Court to alter or amend the judgment on this claim. The decision whether to alter or amend a judgment under Fed. R. Civ. P. 59(e) is within the Court's discretion. *Id.*, at 121. *See also Columbia Gas Transmission Corp. v. Limited Corp.*, 951 F.2d 110, 112 (6th Cir. 1991); *Keweenaw Bay Indian Community v. United States*, 940 F. Supp. 1139, 1140-41 (W.D. Mich. 1996). In general, a judgment may be altered or amended for one of three reasons: (1) to consider an intervening change in the controlling law; (2) because new evidence has become available; or (3) to correct a clear error of law or prevent manifest injustice. *Keweenaw Bay Indian Community*, 940 F. Supp. at 1141. A motion to alter or amend, however, is not intended as a means of relitigating previously considered issues. *Keweenaw Bay Indian Community v. State of Michigan*, 152 F.R.D. 562, 563, *aff'd,* 11 F.3d 1341 (6th Cir. 1993); *E.E.O.C. v. Argent Industries*, 746 F. Supp. 605, 706

6

(S.D. Ohio 1989)(Rice, J.). *See also McClendon v. B&H Freight Services, Inc.*, 910 F. Supp. 364, 365 (E.D. Tenn. 1995). Thus, a party should not use a motion to alter or amend as a means of raising arguments that could and should have been made before judgment issued. *McClendon*, 910 F. Supp. at 365. When a moving party seeks to obtain reversal of a judgment by offering the same arguments previously presented to the trial court, the appropriate vehicle for obtaining such relief is an appeal, not a motion to alter or amend. *Dana Corp. v. United States*, 746 F. Supp. 482, 489 (N.D. Ohio 1991).

Defendants have failed to demonstrate any basis upon which to alter or amend the judgment. They do not allege that there has been an intervening change in the law or that new evidence has become available. Nor do they argue a clear error of law was made, such as an incorrect jury instruction or improper evidentiary ruling. Rather they assert that the evidence was insufficient to support the verdict. As discussed above with respect to the renewed Rule 50 motion,, both the Court and the jury find otherwise. For these reasons, Defendants' motion for judgment as a matter of law or to alter or amend the judgment will be denied.

Because we have denied Defendants' motions, the Court does not need to reach Plaintiff's conditional motion and it will be denied as moot.

IT IS THEREFORE ORDERED THAT: Defendants' motion to dismiss (Doc. 79-1) and motion for judgment as a matter of law (Doc. 79-2) or in the alternative to alter or amend judgment (Doc. 79-3) is DENIED and Plaintiff's conditional motion to alter or amend is DENIED AS MOOT (Doc. 84).

    s/Timothy S. Hogan
Timothy S. Hogan
United States Magistrate Judge